UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JOSEPH GAIZO,

                Plaintiff,

      - against -

NANCY A. BERRYHILL, ACTING
COMMISIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

18-CV-661 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 20 2019 ★

BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

      The plaintiff challenges the Commissioner of Social Security's decision that he was not entitled to disability insurance benefits under Title II of the Social Security Act. The plaintiff argues that the Administrative Law Judge should not have concluded that the plaintiff could perform sedentary work because it is inconsistent with her concurrent finding that he could only sit for a third of a workday. The plaintiff also faults the ALJ's credibility determination about the plaintiff's testimony. For the reasons that follow, I find that the ALJ's decision was based upon correct legal standards and is supported by substantial evidence. The Commissioner's motion for judgment on the pleadings is granted, and the plaintiff's motion for judgment on the pleadings is denied.

      The 47-year old plaintiff filed for disability insurance benefits on July 14, 2011, alleging disability as of March 11, 2011, as a result of injuries he suffered from a fall at work.[1] (Tr. 10.) After his initial claim was denied on September 25, 2014, the plaintiff requested a hearing. (Tr. 10.) ALJ April Wexler held a hearing on October 12, 2016, at which a vocational expert and the plaintiff, who was represented by counsel, testified. (Tr. 10.)

---

[1] The plaintiff fell approximately five feet and injured his neck, back, left shoulder, and leg. (Tr. 14.)

The ALJ denied the plaintiff's claim for benefits. (Tr. 20.) She concluded that the plaintiff had the residual functional capacity to perform sedentary work as defined by 20 CFR § 404.1567(a),[2] with certain limitations: she concluded that the plaintiff could stand, walk, and sit each for up to a third of a workday, with a five-minute break each hour. (Tr. 14.) The plaintiff could "carry ten pounds occasionally" and should never "climb, kneel, bend, or squat . . . ." (Tr. 14.)

The ALJ based her decision in part on the "intensity, persistence, and limiting effect" of the plaintiff's symptoms. (Tr. 14.) The plaintiff had "cervical and lumbar degenerative disc disease" and "left shoulder degenerative joint disease," but was able to participate in a wide range of activities, and took over-the-counter medication to alleviate his pain. (Tr. 12, 17.) In the ALJ's view, these facts demonstrated that he could perform sedentary work. (Tr. 17.) The ALJ also considered the plaintiff's habits and routine; he lived alone, did his own chores, cared for his young daughter and took her to the park and the beach, attended Alcoholics Anonymous meetings at least twice a week, cleared snow with a tractor, and socialized with his family.[3] (Tr. 17, 147.)

According to the vocational expert, the plaintiff's past relevant work as an IT department director was both sedentary and performed at the light exertional level. (Tr. 18.) The vocational expert identified three other jobs that the plaintiff could perform given his age, education, work experience, and functional capacity: dowel inspector, dial maker, and ticket checker. (Tr. 19.)

---

[2] 20 C.F.R. § 404.1567(a) defines sedentary work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools[;]" "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."

[3] The plaintiff also testified that he aimed to walk "at least 2,000 steps" – about a mile – each day. (Tr. 147.)

The ALJ concluded that the plaintiff could do both his past relevant work or the jobs identified by the vocational expert. (Tr. 18-19.)

The plaintiff appealed the ALJ's decision to the Appeals Council which denied the plaintiff's request for review on December 5, 2017. (Tr. 1.) The plaintiff commenced this action (ECF No. 1), and both parties moved for judgment on the pleadings. (ECF Nos. 11, 13.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). If there is substantial evidence to support the Commissioner's factual findings, they are conclusive and must be upheld, 42 U.S.C. § 405(g), "even if there also is substantial evidence for the [p]laintiff's position." *Cerqueira v. Colvin*, No. 14–CV–1134, 2015 WL 4656626, at *11 (E.D.N.Y. Aug. 5, 2015) (citations omitted); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) ("An ALJ does not have to state on the record every reason justifying a decision").

## I. Sedentary Work Finding

Substantial evidence supports the ALJ's finding that the plaintiff is able to perform sedentary work. The plaintiff argues that the ALJ's finding that he could sit a third of an eight-hour workday is inconsistent with the definition of a sedentary work capacity, for which "[s]itting would generally total about six hours of an eight-hour workday." (ECF No. 12 at 16 (citing SSR 96-9p, 1996 WL 374185, at *3 ("Jobs are sedentary if walking and standing are

required occasionally and other sedentary criteria are met . . . . Sitting would generally total about 6 hours of an 8-hour workday")). According to the plaintiff, the record shows that he is disabled.

"A finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.'" SSR 96-9p; *see also Colon v. Comm'r of Soc. Sec.*, No. 6:00CV0556 (GLS), 2004 WL 1144059, at *9 (N.D.N.Y. Mar. 22, 2004) (citing SSR 96-9p and finding that an eroded sedentary functional capacity does not mandate a disability determination). ALJ Wexler did not find that the plaintiff was able to do the full range of sedentary work. Rather, she identified specific limitations to his abilities: "Although the claimant suffers some limitation due to his impairments . . . claimant retains the residual functional capacity to perform the exertional demands of sedentary work, with the additional limitation as noted above." (Tr. 18.) The ALJ's recognition of those limitations did not require a conclusion that the plaintiff was disabled.

The ALJ's reliance on the vocational expert's testimony was also proper. An ALJ may use a vocational expert to determine whether the claimant's functional capacity precludes them from working and determine if there is other work in the national economy that they can perform. 42 U.S.C. § 404.1566(e); *see also McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) ("[I]n more complex cases a vocational expert may be consulted to determine whether there is other work in the national economy that an individual with the ability to do less than the full range of sedentary work may perform") (internal quotations omitted).

Based on the expert's answers to various hypotheticals, the ALJ found that a person with the plaintiff's same limited sedentary functional capacity could perform not only his prior work as a director of IT but also three other jobs that exist in the national economy: dowel inspector,

dial maker, and ticket checker. (Tr. 19, 159-65.) Thus, the ALJ properly applied the law in determining that the plaintiff was not disabled, even with the ability to do a less than full range of sedentary work.

## II. Credibility Determination

Substantial evidence also supports the ALJ's credibility determination. While an ALJ must take a claimant's reports of pain and other limitations into account, she is "not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The ALJ first must determine that there is a "medically determinable impairment that could reasonably be expected to produce [the claimant's] symptoms[.]" 20 C.F.R. § 404.1529(b). If an underlying impairment is found, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms on the claimant's ability to work. 20 C.F.R. § 404.1529(c). If the "allegations of pain 'are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry.'" *Gallagher v. Colvin*, 243 F. Supp. 3d 299, 306 (E.D.N.Y. 2017) (citations omitted); 20 C.F.R. § 404.1529(c)(4).

A credibility determination requires consideration of seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) any treatment, other than medication, the claimant has received; (6) any other measures the claimant employs to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of pain or other symptoms. 20 C.F.R. § 404.1529(c)(3); *see also Gallagher*, 243 F. Supp. 3d at 306. An ALJ need not review each factor in her opinion. *See Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (upholding

an ALJ's credibility determination even though it did not include an explicit function-by-function analysis of all possible limitations, but did address all relevant limitations).

The ALJ's conclusion that the plaintiff's characterization of his symptoms was "not entirely consistent with the medical evidence" is reasonable, and was based on the plaintiff's testimony about his activities and lifestyle – testimony that established that the plaintiff lived independently and was actually reasonably active. (Tr. 17.) A claimant "should not be penalized for enduring the pain of [his] disability in order to care for [himself]," *Smith v. Colvin*, 218 F.Supp.3d 168, 175 (E.D.N.Y. 2016); *see e.g. Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000); *see Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988) ("[A] claimant need not be an invalid to be found disabled" (internal citations omitted)). However, the evidence[4] on which the ALJ relied supported her finding that the plaintiff has the residual ability to perform sedentary work with limitations.[5] *See, e.g., Cichocki*, 729 F.3d at 179 (finding that claimant's ability to "walk[] her dogs and clean[] her house . . . are consistent with a residual capacity to perform light work"); *Henry v. Astrue*, No. 09-CV-6476, 2010 WL 2572945, at *7 (W.D.N.Y. June 23, 2010) (finding that claimant's ability to do a wide range of daily activities such as driving a couple time a week, maintaining a home with her husband, cooking, and grocery shopping is consistent with ability to do sedentary work).

---

[4] The plaintiff characterizes the ALJ's the mention of his attendance at Alcoholic Anonymous meetings "two to three times a week" as "reprehensible." (ECF No. 12 at 20.) The ALJ merely cited that activity as one of many in which the plaintiff engaged, not because of its nature, but because the plaintiff included going to the meetings as one of his activities.

[5] The plaintiff also faults the ALJ for noting that the plaintiff "drove a tractor to clear snow," because the "tractor" was merely a riding lawn mower with a plow attachment which he used to clear his own driveway. (ECF No. 12 at 19; Tr. 17, 157.) The distinction between a riding lawn mower and a tractor does not seem especially material. In any event, the plaintiff and his attorney referred to it as a tractor at the hearing. (Tr. 157.) The ALJ did not conclude that the plaintiff cleared other peoples' driveways; rather, she simply cited the plaintiff's testimony that he used a tractor to clear snow. (Tr. 17.)

The plaintiff also argues that the ALJ did not consider his work history or the fact that he returned to work after a "near fatal" accident. (ECF No. 12 at 25.) In fact, she explicitly considered documentary evidence about his past work history, and asked the plaintiff about it. (Tr. 134-36.) While "'good work history may be deemed probative of credibility,' it remains 'just one of many factors' appropriately considered in assessing credibility." *Campbell v. Astrue*, 465 Fed App'x 4, 7 (2d Cir. 2012) (citing *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998)); *see also Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011) (summary order) (absence of good work history analysis in ALJ's decision "does not undermine the credibility assessment, given the substantial evidence supporting the ALJ's decision").

The ALJ also properly considered the plaintiff's conservative over-the-counter pain management treatment in her decision. While the "Commissioner is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion[,]" a plaintiff's conservative pain management regimen can "support a Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). The ALJ cited two doctors' opinions that the plaintiff could lift "ten pounds occasionally" and "had mild to moderate limitations for prolonged" walking and standing. (Tr. 16-17.) The plaintiff himself explained that over-the-counter medications will "get rid of [his] pain" or at least "take[] a little bit of an edge off[.]" (Tr. 17; 156.) The medical opinions, accompanied by the plaintiff's conservative pain management treatment, support the ALJ's finding that the plaintiff has the residual ability to perform sedentary work with limitations.

The ALJ did not rely on any single factor in making her decision. Instead, she developed the record, noted the range of the plaintiff's daily activities, conservative pain management

regimen, the plaintiff's own testimony about his pain, and various medical opinions. Thus, the ALJ's credibility determination is supported by substantial evidence. *See Bonet ex rel T.B. v. Colvin*, 523 Fed. App'x 58, 59 (2d Cir. 2013) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision.") (citations omitted).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is denied. The defendant's motion for judgment on the pleadings is granted, and the ALJ's decision is affirmed. The Clerk is respectfully directed to enter judgment in favor of the Commissioner, dismissing this case.

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          Ann M. Donnelly
                                          United States District Judge

Dated: Brooklyn, New York
       June 20, 2019